**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
THE FUND FOR ANIMALS, et al.,  )
                               )
          Plaintiffs,          )
                               )
     v.                        )      Civ. No. 04-1913 (EGS)
                               )
GALE NORTON, et al.,           )
                               )
          Defendants.          )
_____)
```

**ORDER**

**I.   BACKGROUND**

Pending before the Court is the government's Motion to Transfer, Consolidate, and Stay Proceedings filed on November 23, 2004.  Federal defendants seek to consolidate parallel challenges pending in this Court and in the District of Wyoming relating to the National Park Service's management of winter use in Yellowstone National Park.  *See Wyoming Lodging and Rest. Ass'n v. U.S. Dep't of Interior*, Civ. No. 03-215B (D. Wyo.).

Upon careful consideration of defendants' motion, the responses and replies thereto, and the relevant statutory and case law, the Court concludes that the Motion to Transfer should be **DENIED**.  The Court will not establish a scheduling order until **January 19, 2005,** in order to afford the District Court of

1

Wyoming an opportunity to resolve defendants' substantially identical motion filed in that court.

## II. DISCUSSION

Under 28 U.S.C. § 1404(a), district courts in their discretion may transfer a case to any other district where it might have been brought "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Under this statute, the moving party "bears the burden" of establishing that transfer is appropriate. *Flynn v. Veazey Constr. Corp.*, 310 F. Supp. 2d 186, 193 (D.D.C. 2004). *See Securities and Exchange Comm. v. Savoy Ind., Inc.*, 587 F.2d 1149, 1154 (D.C. Cir. 1978) (district court's ruling denying motion to transfer "was effectively a ruling that [appellant] had failed to shoulder his burden").

Defendants have failed to persuade the Court that the interests of justice weigh in favor of the transfer.  First, and most importantly, this Court has a long history with the facts and law surrounding this case and the prior litigation involving winter use at Yellowstone National Park.  Plaintiffs' most recent complaint calls for the interpretation and application of a series of extensive opinions and orders stretching back to this Court's approval of a Settlement Agreement in 1997. *See, e.g., The Fund for Animals v. Norton*, 294 F. Supp. 2d 92 (D.D.C. 2003);

2

*The Fund for Animals v. Norton,* 323 F. Supp. 2d 7 (D.D.C. 2004). Clearly, this Court is best suited to perform the task of applying its own Orders.

Furthermore, the convenience of parties and witnesses does not clearly favor a transfer in this case.  Defendants and their counsel are located in this district, and live testimony involving local witnesses is unlikely given that review of this APA challenge is limited to the administrative record.  Given this Court's familiarity with the law and issues and without a stronger showing of inconvenience, the Court is not persuaded to disturb plaintiffs' choice of forum.

Although defendants' concerns about the prospect of conflicting orders are understandable, it appears to this Court that such a conflict is unlikely.  The Wyoming court may, in its discretion, transfer the *Wyoming Lodging* case to this district. However, even if both cases proceed on a parallel track, a conflict is far from certain.  Defendants may prevail in both cases, which would avert any chance of conflict.  Moreover, because the two cases involve challenges to different aspects of the Park Service's 2004 Winter Use Plan, there will likely be opportunities for both courts to tailor any eventual remedies to avoid conflicts.

The Court is mindful that this case raises issues of

profound interest to local residents of Wyoming as well as the nation as a whole; these interests will be fairly and adequately considered consistent with the fair administration of justice.

**III.  CONCLUSION**

For the reasons stated herein, defendants have failed to persuade the Court that transfer of this case to the District of Wyoming is in the interests of justice.  Accordingly, it is hereby

**ORDERED** that defendant's Motion to Transfer is **DENIED**; and it is further

**ORDERED** that this case is **STAYED** until the Wyoming Court's ruling on defendants' associated Motion to Transfer in the *Wyoming Lodging* case, or until **January 19, 2005**.

**IT IS SO ORDERED.**


**Signed:    EMMET G. SULLIVAN**
**            UNITED STATES DISTRICT JUDGE**
**            January 5, 2005**